UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff<br><br>  v.<br><br>Robert Chavez,<br><br>            Defendant | Case No. 2:23-cr-00067-CDS-DJA<br><br>**Order Granting Defendant's Request for Remote Appearance**<br><br>[ECF No. 26] |

      Defendant Robert Chavez was charged with operating a motor vehicle in a reckless manner and driving without a driver's license. ECF No. 1. The parties entered into a pretrial diversion agreement in which Chavez accepts responsibility for his acts and agrees to: (1) complete 60 hours of community service, (2) attend and complete a DUI course and Victim Impact Panel, (3) complete an eight-hour online drug awareness course, and (4) not have any adverse contact with law enforcement. If Chavez successfully completes the conditions within six months, the government will dismiss counts one and two of the criminal information. Now, Chavez moves for permission to appear remotely for his pretrial diversion hearing scheduled for February 13, 2024. ECF No. 26. The government does not object. *Id.*

**I.    Discussion**

      While the Ninth Circuit has not set forth specific factors to consider, Rule 43 gives the court discretion to allow a defendant charged with a misdemeanor offense to appear by video teleconference at arraignment, plea, trial, and sentencing, so long as the defendant consents in writing. Fed. R. Crim. P. 43(b)(2). Though I prefer to forego the use of video teleconferences for criminal proceedings because criminal proceedings require a certain solemnity, and the physical presence of all parties contributes to the fairness, integrity and public function of the proceeding (*United States v. Ramos-Gonzales*, 857 F.3d 727, 732 n.6 (5th Cir. 2017)), I am empathetic to Chavez's

concerns. He explains that he is indigent and lives in California, making to travel to Las Vegas a serious financial and logistical hardship. *See generally* ECF No. 26. I find that given that he is entering into a diversion agreement for misdemeanor offenses, that the financial hardship to Chavez for traveling to Las Vegas for the hearing outweighs the need for an in-person hearing. Thus, I grant Chavez's request.

## II. Conclusion

IT IS HEREBY ORDERED that defendants' motion **[ECF No. 26] is GRANTED.** Defendant must file an executed Waiver of Right to Appear in Person to appear for his scheduled pretrial diversion canvass hearing on February 13, 2024, at 10:00 AM via the court's Zoom application. Chavez is reminded that appropriate appearance, attire, and behavior are mandatory for Zoom proceedings, just like in-person proceedings.

Dated: February 12, 2024

_____
Cristina D. Silva
United States District Judge